UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VICTOR GAVILLAN MARTINEZ,

    Plaintiff,

v.                                             Case No. 4:17-cv-210-MW/MJF

MARK S. INCH,

    Defendant.
_____/

# REPORT AND RECOMMENDATION

This cause is before this court on Plaintiff's "Motion to Renew the Temporary Restraining Order" (Doc. 76), and Defendant's response in opposition. (Doc. 79).[1]

## I. Background

On May 9, 2017, Plaintiff, who is an inmate of the Florida Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983. On August 7, 2018, Plaintiff file a motion for a "temporary restraining order" in which he requested access to the prison law library for fifteen hours per week. (Doc. 30). Defendant did

---

[1] The case was referred to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). A magistrate judge may not rule upon a motion for injunctive relief, but may make a recommendation on such a motion. *See* 28 U.S.C. § 636 (b)(1).

not file a response to that motion. (Doc. 40 at 9). Therefore, on September 25, 2018, Magistrate Judge Charles A. Stampelos granted Plaintiff's unopposed motion. (Doc. 40 at 9-10). The order required Defendant to allow Plaintiff to spend fifteen hours per week in the prison law library to prepare a motion. (*Id.* at 9).

On April 4, 2019, Plaintiff moved to renew the temporary restraining order. (Doc. 76). He now seeks twenty-five hours per week in the prison law library. (*Id.*). Defendant filed a response in opposition to the motion. (Doc. 79). Defendant argues that Plaintiff's motion should be denied because: (1) an order requiring the Defendant to provide access would "run afoul of the Florida Department of Corrections' sovereignty as a State Executive Branch agency and its ability to manage its institutions;" (2) Plaintiff already has adequate access to the law library; and (3) prior to filing his motion, Plaintiff had not complained to prison officials that he did not have adequate access to the law library, and thus did not afford the prison an opportunity to address the matter without court intervention.

**II.   Discussion**

In determining whether a moving party is entitled to a temporary restraining order or preliminary injunction, the court must evaluate the following four criteria:

(1) a substantial likelihood that the movant will eventually prevail on the merits;

(2) the movant will suffer irreparable injury unless the temporary restraining order is issued;

(3) the injury to the movant outweighs whatever danger the proposed temporary restraining order may cause the party or parties opposing the temporary restraining order; and

(4) a temporary restraining order would not be adverse to the public interest.

*Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001). A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that should not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *see Wreal*, 840 F.3d at 1247; *Four Seasons*, 320 F.3d at 1210 (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

Further, the purpose of preliminary injunctive relief or a temporary restraining order is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv.*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of

in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Plaintiff has not argued or established that he will suffer irreparable injury. Rather, he contends simply that he will be unable to respond to the Defendant's summary judgment motion absent additional time in the prison law library. Plaintiff has failed to address the possibility of asking this court for additional time to file his response. Plaintiff previously has demonstrated that he knows how to file a motion to extend a deadline. If Plaintiff needs additional time in the law library before filing his response, he can simply seek additional time to file his response. Furthermore, the undersigned *sua sponte* extended the deadline for Plaintiff to respond to Defendant's motion for summary judgment until July 23, 2019. (Doc. 82). This should afford Plaintiff with sufficient time in the prison law library to respond to the Defendant's motion. If, however, Plaintiff needs additional time, he can file a motion with this court. Of course, any such motion must state the relevant facts and must show good cause for the relief requested. Additionally, the undersigned ordered Defendant to "afford Plaintiff access to the prison law library to the greatest extent possible consistent with the demands of operating the institution in which the Plaintiff is incarcerated." (Doc. 82). Regardless, Plaintiff has failed to establish the prerequisites for a temporary restraining order or preliminary injunction.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's "Motion to Renew the Temporary Restraining Order" (Doc. 76), be **DENIED**.

At Panama City, Florida, this 24th day of May, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.